GRANGER v. KISHI.

(Court of Civil Appeals of Texas. Galveston. June 12, 1911.)

1. COURTS (§ 121*)—JURISDICTION—AMOUNT IN CONTROVERSY.

Where the petition alleges a cause of action, and the amount claimed is within the court's jurisdiction, and is not reduced below the jurisdictional amount by demurrer, or shown by plea in abatement to have been incorrectly alleged to confer jurisdiction, the case should not be dismissed merely because the evidence shows that the amount plaintiff is entitled to recover is below the jurisdictional amount, but the court should render judgment for the sum plaintiff is entitled to recover.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426; Dec. Dig. § 121.*]

2. WATERS AND WATER COURSES (§ 254*)—IRRIGATION—IRRIGATION COMPANIES.

Rev. St. 1895, art. 3125, authorizes corporations to be formed to operate canals to conduct water to persons entitled thereto for irrigation, with power to make contracts for the sale of permanent water rights, and requires that all persons owning land contiguous to any irrigation canal who shall have secured the right to use the water in such canal shall be entitled to be supplied therefrom pursuant to their contracts, and, if the canal and landowners fail to agree upon the price, the canal operator shall furnish necessary water to the landowners at such prices as may be reasonable and just, and other articles provide for the condemnation of land for irrigation canals. Held, that one maintaining an irrigation canal under the statute could not impose unjust or unreasonable terms by contract upon water users; any such terms being void.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 311; Dec. Dig. § 254.*]

3. WATERS AND WATER COURSES (§ 254*)—IRRIGATION—VALIDITY OF CONTRACTS.

One who merely owned an irrigation canal not shown to have been constructed under Rev. St. 1895, art. 3125, imposing on the owner certain duties as to furnishing water, with a lateral running through plaintiff's land with his consent, and who agreed to furnish plaintiff water to irrigate his rice crop, could make a valid contract limiting damages from his failure to do so to a certain sum per acre; the irrigation plant owner not undertaking the discharge of a public duty, so that the reasonable-ness of the provision of the contract is for the parties to decide.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 311; Dec. Dig. § 254.*]

Appeal from District Court, Orange County; W. B. Powell, Judge.

Action by Tresimore Granger against K. Kishi. From a judgment dismissing the action, plaintiff appeals. Reversed and remanded.

J. T. Adams and W. O. Huggins, for appellant. Bisland & Bruce and O. R. Sholars, for appellee.

McMEANS, J. Appellant, alleging that he was the owner of a rice farm in Orange county, and that appellee was the owner of an irrigation plant and canal, and that the latter contracted to irrigate the rice crop grown on said farm during the year 1908, but failed to do so, resulting in a partial loss of the crop, whereby appellant suffered damages in the sum of $5,606, brought this suit to recover said amount of appellee. Appellee answered, alleging that his undertaking was evidenced by a contract in writing, which limited his liability and appellant's recovery, in the event he failed to furnish the water as contracted, to $4 per acre. By supplemental petition appellant sought to avoid the clause of the contract limiting his recovery to $4 per acre upon the allegation that he was a riparian owner of the water to be conveyed in appellee's canal, and that appellee, having undertaken to appropriate the water for distribution for hire, was obliged to deliver to appellant his share thereof, aside from any contractual obligation, and could not, therefore, limit his liability to $4 per acre. When the introduction of evidence had been concluded, the court rendered the following judgment dismissing the case for want of jurisdiction: "On this day this case came on for trial and both parties appeared and announced ready for trial, and, when both sides had announced the conclusion of the testimony offered, respectively, the court, upon his own motion, dismissed said cause from his docket, and gave his reasons therefor as follows: Plaintiff sued for damages for failure to properly irrigate 100 acres of land. Defendant offered in evidence a written contract between the parties executed after the alleged damage was inflicted, but the court is of the opinion that the terms of said contract, as expressed in the written contract, were such as were usual and customary with defendant generally, and customary in that locality as shown by the evidence, and therefore that the terms of said written contract were such as were contemplated by the parties in their dealings in the premises before said written contract was executed; said written contract merely reducing the real contract between the parties to a written

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

memoranda. The court is therefore of the opinion that the stipulation in said written contract limiting the recovery to $4 per acre is binding upon plaintiff. The court further is of the opinion that the cause of action of plaintiff therefore is one limited to $400, and that this court therefore has no jurisdiction of the cause, and is therefore dismissed of the court's own motion at the plaintiff's cost. The court is of the opinion that this cause was instituted herein by plaintiff in good faith for the amount sued for, to wit, $5,606, and with no intention of practicing any fraud upon the jurisdiction of this court, nor to trifle in any way with its jurisdiction."

Appellant's first, second, and third assignments of error complained of the action of the court in dismissing the case. It will be seen that plaintiff's cause of action was one for the recovery of damages in an amount within the jurisdiction of the court, and that his claim was urged in good faith. The petition stated a good cause of action. The defense urged, if proved, was one that at most limited the plaintiff's right of recovery to a sum less than that sued for.

[1] It is well settled in this state that the amount claimed in the petition determines the jurisdiction, and that when the petition states a good cause of action and the amount so claimed is within the jurisdiction of the court, and is not reduced by demurrer below that amount, and is not made to appear by plea in abatement that the amount has been improperly alleged for the purpose of attempting fraudulently to confer jurisdiction upon the court in which the suit is filed, it is error to dismiss the case for want of jurisdiction merely because the proof adduced on the trial shows that the amount which plaintiff is entitled to recover is below the jurisdiction of the court. In such case the court should retain jurisdiction and render judgment for such sum as the plaintiff may show himself entitled to recover. Hoffman v. Building Ass'n, 85 Tex. 409, 22 S. W. 154; Ablowich v. Bank, 95 Tex. 433, 67 S. W. 79, 881; Telegraph Co. v. Arnold, 97 Tex. 365, 79 S. W. 8. It follows that the trial court erred in dismissing the case, and for this error the judgment must be reversed.

Appellant by his fourth assignment and proposition thereunder further contends that the action of the court in dismissing the case for want of jurisdiction, and in holding that plaintiff's recovery was limited to $4 per acre, was error, for the reason that as appellant was a riparian owner of the water which was conveyed by appllee through his canal, and as the appellee had undertaken to appropriate such water for the purpose of distribution for hire, he was obliged to deliver to appellant his share thereof, aside from any contractual obligation, and could not limit the measure of his liability to $4 per acre. This contention is based upon appellant's construction of chapter 2, tit. 60, Rev. St. 1895. Appellant alleged that, on account of the irregularity and insufficiency of rainfall, it was necessary and advantageous to him to resort to irrigation in cultivation of his rice farm, irrigation being resorted to generally for that purpose in the locality in which his farm is situated; that his farm is contiguous to and within the watershed of Cow Bayou, a stream more than 30 feet wide; and that appellee had undertaken to appropriate the water of said stream for the purpose of distributing the same for hire. The evidence showed that Cow Bayou was a natural stream, more than 30 feet wide, and that appellee's canal runs through appellant's farm and supplies water to one other person beyond. Article 3115, c. 2, Rev. St., provides, in substance, that the unappropriated waters of every stream in localities where by reason of the insufficient rainfall, etc., irrigation is beneficial for agricultural purposes, "are hereby declared to be the property of the public and may be acquired by appropriation for the uses and purposes and in the manner hereinafter provided." Article 3118 provides that, "as between appropriators, the first in time is the first in right." Article 3120 provides, in substance, that any person, corporation, or association of persons who may construct any canal for the purposes named in the chapter, and taking the water from any stream, shall file in the office of the county clerk of the county where the canal may be situated a sworn statement in writing showing approximately the number of acres that will be irrigated, the name of the canal, the point at which the headgate thereof is situated, the size of the canal in width and depth and the carrying capacity thereof, the name of the stream from which the water is taken, the time when the work was commenced, the names of the owners thereof, together with a map showing the route of the canals. Article 3122 provides that any person, etc., may acquire the right to appropriate for irrigation purposes the unappropriated waters of any stream by filing a sworn statement in writing declaring the intention of appropriating the water, together with other statements similar to those provided in article 3120. Article 3124, in substance, provides that whenever any person shall become entitled, under the provisions of the chapter, to the use of water from any stream, it shall be unlawful for any person to appropriate or divert its water in any way, except that the owners of land situated within the area of the watershed from which the storm or rain waters are collected may construct such dams, reservoirs, or lakes as may be necessary for the storage of water for domestic purposes, provided that the excess of such water not used or contracted for may be appropriated by any person in any manner provided for in the chapter; and article 3125, after providing that corporations may be formed and chartered for the purpose of constructing, maintaining, and operating canals, etc., and

for conducting water to all persons entitled to the same for irrigation, etc., and that such corporations shall have full power to make contracts for the sale of permanent water rights, further provides that all persons who own or hold a possessory right or title to land contiguous to any irrigation canal constructed and maintained under the provisions of the chapter, and who shall have secured the right to use of the water in said canal, shall be entitled to be supplied from such canal with water for irrigation of such land in accordance with the terms of their contracts, and that, in event the operator of the canal and the owner of the contiguous land fail to agree upon a price for the permanent water right or for the use or rental of the necessary water to irrigate the land, the canal operator shall, nevertheless, if he controls any water not contracted to others, furnish the necessary water to the landowner to irrigate his land at such prices as may be reasonable and just. Other articles of the chapter provide for the condemnation of needful land by persons and corporations constructing irrigation canals under the provisions of the law. Upon persons and corporations who construct, maintain, and operate irrigation plants and canals under the provisions of the statute referred to are conferred extraordinary rights and privileges, and they, in turn, must yield to certain exactions and perform certain public duties that the law enjoins upon them. Thus it has been held that "the power to contract given to the owner of the plant cannot, if the business is to be regarded as affected with a public interest, be recognized as absolute and uncontrolled. Common carriers and others engaged in public callings have the power to contract, but it cannot be so employed as to absolve them from their duties to the public or to deprive others of their rights. Rights are evidently secured by this statute to those so situated as to be able to avail themselves of the water provided for, and those rights it is the duty of the owners of the contemplated business to respect; and the power to contract under the well-recognized principles applicable to those charged with such duties must be exercised in subordination to such duties and rights. Reasonable contracts are what this statute means, and not contracts employed as evasions of duty." Borden v. Trespalacios Co., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640.

In Colorado Canal Co. v. McFarland & Southwell, 50 Tex. Civ. App. 99, 109 S. W. 438, this court, speaking through Associate Justice Reese, says: "If appellant, after making a contract with the landowner for furnishing water, could limit its liability for failure to do so to $4 per acre, regardless of the amount of damages actually suffered, it could limit it to a much less sum, or provide against any liability whatever, and so evade altogether the performance of its duty."

[2] From these authorities we conclude that if appellee, Kishi, had constructed and was operating and maintaining an irrigation plant and canal under the provisions of the statute in such a way as to acquire the rights and privileges conferred upon persons and corporations who conformed to, its terms, he had no right to impose upon the water users by contract any unjust or unreasonable limitations upon his liability, and any provision of the contract in which such limitations were sought to be imposed was null and void. What is a reasonable limitation upon liability is a question of fact to be determined by the judge or the jury trying the case. But, under the facts of this case, it does not appear that appellee has ever sought to avail himself of the rights and privileges conferred by the statute upon those who comply with its terms. No facts are set forth to show that appellee has so complied with the law as to give him a superior right to appropriate the water or to exercise the right of eminent domain.

[3] For aught that appears, Kishi is simply the owner of an irrigation canal with a lateral running through and maintained on appellant's land with appellant's consent, and that he agreed to furnish appellant sufficient water to irrigate his rice crop, but providing, in effect, that if he failed to do so, and damages should accrue to appellant by reason of such failure, the appellee's liability therefor should not exceed $4 per acre. We think that this contract cannot be distinguished from contracts between individuals where neither of the contracting parties is undertaking the discharge of a public duty, but that the rule that must be applied is the one that is always applicable to contracts between private persons, which is that the parties being competent to contract must be governed by the terms and stipulations agreed upon and evidenced by their contract, or, to apply the familiar maxim, "as one binds himself so is he bound." The assignment is overruled.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.