## LOUISIANA RIO GRANDE CANAL CO. v. FRAZIER. (No. 5871.)

(Court of Civil Appeals of Texas. San Antonio. June 6, 1917.)

1. WATERS AND WATER COURSES ☞249—IRRIGATION—LIABILITY OF IRRIGATION COMPANY FOR FAILURE TO FURNISH WATER.

Though a public irrigation company is obligated by law to furnish the owner of land contiguous to its canal with water, Vernon's Sayles' Ann. Civ. St. 1914, art. 5002c, exonerates the company from liability if it is shown that the landowner had no contract for water, and others had contracts, and all the water was used for those holding contracts.

2. WATERS AND WATER COURSES ☞249—IRRIGATION—VIOLATION OF DUTY TO FURNISH WATER.

A public irrigation company's legal liability to furnish water for irrigable and cultivated lands contiguous to its canals, when requested to do so by one in rightful possession of the lands, rendered the irrigation company liable, for a violation of the duty, for the damages proximately caused thereby to the landowner or possessor.

Appeal from District Court, Hidalgo County; V. W. Taylor, Judge.

Suit by R. C. Frazier against the Louisiana Rio Grande Canal Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Kibbe & Perkins, of Brownsville, and L. J. Polk, Jr., of Pharr, for appellant. Graham, Jones & George, of Brownsville, for appellee.

SWEARINGEN, J. This is a suit by appellee, R. C. Frazier, against the appellant, Louisiana Rio Grande Canal Company, to recover damages for injury to crops on leased lands contiguous to canals belonging to appellant, which was a corporation chartered under the Texas law as a public irrigation company, by reason of which it was a quasi public service corporation or common carrier.

Appellant answered by general and special exceptions, a general denial, numerous special pleas, and a cross-action for unpaid rentals.

Upon the findings of the jury in answer to special issues, the court rendered judgment in favor of appellee against appellant for $1,538.91 and in favor of appellant against appellee for the amount of accrued water rentals. By agreement of counsel the judgment was worded so as to state the net amount recovered by appellee after deducting the rentals.

The facts necessary for this opinion will be stated in the discussion of the assignment, two of which have been submitted, complaining that the court erred in refusing to peremptorily instruct the jury to return a verdict in favor of appellant.

The reasons given by appellant for the peremptory instruction are that there is no evidence to sustain the allegation of a contract for a supply of water for irrigation, and that appellee failed to allege and prove a liability at law to furnish water, because he did not allege and prove: First, a failure to agree upon terms and price; and, second, failed to allege that appellant had a supply of water available. These reasons are based upon the following phraseology of the statute (Vernon's Sayles' Ann. Civ. St. 1914, Art. 5002c):

"*No Discrimination Against Users.*—If the person, association of persons or corporation owning or controlling such water, and the person who owns or holds a possessory right or title to land adjoining or contiguous to any canal, ditch, flume or lateral, lake or reservoir, constructed or maintained under the provisions of this act, fail to agree upon a price for a permanent water right, or for the use or rental of the necessary water to irrigate the land of such person, or for mining, milling, manufacturing, the development of power, or stockraising; such person, association of persons or corporation shall, nevertheless, if he, they or it, have or control any water not contracted to others, furnish the necessary water to such person to irrigate his lands or for mining, milling, manufacturing, the development of power or stockraising, at such prices as shall be reasonable and just, and without discrimination."

[1, 2] It is undisputed for the purposes of this appeal that appellant is controlled by the rules of a common carrier and that appellee's land is entitled to be watered by ap-

pellant. The law obligated appellant to furnish the water. The statute above quoted, however, exonerates the appellant from liability if it be shown that appellee had no contract and others had contracts and all the water was used for those holding contracts. Had appellant pleaded and proven these facts, they would have constituted a defense to the action. Not being pleaded nor proven in defense, the legal liability to furnish the water for irrigable and cultivated lands contiguous to appellant's canals, when requested to do so by one in rightful possession of the lands, as appellee did and was, remained; and a violation of this legal duty by appellant made it liable for the damages proximately caused thereby to appellee. American Rio Grande Land & Irrigation Co. v. Mercedes Plantation Co., 155 S. W. 286; Granger v. Kishi, 139 S. W. 1002; Colorado Canal Co. v. McFarland & Southwell, 94 S. W. 400; Borden v. Rice & Irr. Co., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640; Doty v. Barnard, 92 Tex. 107, 47 S. W. 712.

The assignments are overruled.

The judgment is affirmed.