(Court of Criminal Appeals of Texas. April 15, 1925.)

**Criminal law ⬅︎1097(5)—Exceptions to charge not considered, in absence of statement of facts.**

In absence of statement of facts in record, exceptions to court's charge cannot be considered, as their pertinence cannot be determined.

Appeal from District Court, Victoria County; John M. Green, Judge.

Val Harris was convicted of felony theft, and he appeals. Affirmed.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Victoria county of felony theft, and his punishment fixed at two years in the penitentiary.

The record is before us without any statement of facts or bill of exceptions. Exceptions were reserved to the court's charge, but, in the absence of statement of facts, their pertinence cannot be determined. The charge of the court and the indictment appear to be in conformity with the law.

No error appearing, the judgment will be afurmed.

---

### Val HARRIS v. STATE. (No. 9361.)

(Court of Criminal Appeals of Texas. April 15, 1925.)

Appeal from District Court, Victoria County; John M. Green, Judge.

Tom. Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Victoria county of theft, and his punishment fixed at five years in the penitentiary.

The record is before us without a statement of facts or bill of exceptions. The indictment properly charges the offense, and the charge of the court correctly presented the law applicable thereto.

No error appearing, the judgment will be affirmed.

---

### CHAPMAN v. AMERICAN RIO GRANDE LAND & IRR. CO. (No. 7313.)

(Court of Civil Appeals of Texas. San Antonio. March 18, 1925. Rehearing Denied April 15, 1925.)

**1. Waters and water courses ⬅︎254—Irrigation companies may contract for sale of permanent water rights.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5002a, 5002b, irrigation companies may enter into contracts for sale of permanent water rights and have the same secured by liens on the land or otherwise.

**2. Waters and water courses ⬅︎249—Irrigation company not required to furnish water to owner of land without contract, where all water required for contracting owners.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5002c, though irrigation companies must furnish water to owner of land contiguous to water canal, they are, not ·held to such requirement if person complaining had no contract for water and all available water has been used in meeting demands of those who had contracted for water.

**3. Perpetuities ⬅︎6(1)—Waters and water courses ⬅︎249—Covenant for permanent water rights contained in conveyance by irrigation company held valid.**

A contract, whereby irrigation company conveyed land to another with covenant granting permanent rights, for irrigation purposes, held not, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5002e, to contain a perpetuity in violation of Constitution, nor was it discriminatory in its character or objects.

**4. Waters and water courses ⬅︎257(2)—Burden of proving unreasonableness of rates on consumer.**

If rates for water furnished by irrigation company were unreasonable, burden of proving such unreasonableness rested on landowner using such water.

**5. Waters·and water courses ⬅︎257(1)—That portion of land nonirrigable does not absolve landowner from contract to pay minimum rate for each acre.**

Where one, to whom land was conveyed by irrigation company with permanent water rights, agreed to pay minimum sum on each acre of land, it was immaterial whether whole of land was capable of being irrigated or not, as it was duty of landowner to except such

nonirrigable land from price he agreed. to pay per acre.

**6. Pleading** ☞236(3) — **Allowance of trial amendment within trial court's discretion.**

'The granting permission to a litigant to file a trial amendment is within discretion of trial court.

**7. Appeal and error** ☞722(I)—**Adopting assignments of error as contained in motion for new trial, where not the same, not permissible.**

Where plaintiff in error adopted designated assignments of error as contained in motion for new trial, but paragraphs of motion for new trial are not assignments of error copied in brief, such method was in violation of Supreme Court rule 32.

Error from District Court, Hidalgo County; L. J. Polk, Judge.

Action by the American Rio Grande Land & Irrigation ,Company against J. A. R. Chapman and another. Judgment for plaintiff, and named defendant brings 'error. Affirmed.

Bennett & Anderson, of Mercedes, and Dawson, Henry & Walker, of Mission, for plaintiff in error.

Gause & Kirkpatrick, of Mercedes, and Glasscock & Leslie, of McAllen, for defendant' in error.

FLY, C. J. This is a suit by defendant in error, hereinafter designated Company, to recover of plaintiff in error, herein called Chapman, and M. E. France, the sum of $1,753.33, charges for water on four separate tracts of land lying contiguous to its irrigation canals. Chapman filed a cross-action for damages caused by. the seepage of water upon his land from the canals of the Company. The court sustained exceptions to the cross-action and it was dismissed. The cause was then tried by jury, and upon their verdict judgment was rendered against Chapman for $1,014.48, due on a contract made by him with the Company on July 1, 1919, and for the foreclosure of a lien on certain land as against' Chapman and France; judgment having been rendered against the latter by default.

Under the terms of the contracts' between Chapman and the Company, certain land was conveyed to him, and the Company conveyed to Chapman the right to receive water (obtained from the Rio Grande) for irrigation purposes, for 'which Chapman agreed to' pay $1 an acre, on the 1st days of July, October, January, and April; the minimum rate per' annum being $3 an acre, whether the water was taken or not. Under the contracts, the sums due for the water were found by the jury and judgment .rendered for them. '

It seems to be the contention of Chapman,

through the first, second, and third propositions, that by reason of the suit the Company was endeavoring to limit the right of Chapman to receive water only under the terms of the contracts. No evidence of such attempt can be found in the pleadings. It is a simple suit to enforce agreement to pay so much for water which the Company was ready and willing to furnish. The Company did not claim 'that Chapman did not have the right under the law to receive the water, and its contract to furnish the water in no manner impaired the efficacy of the law which gave Chapman the right to receive the water. The reasonableness of the water rate was not an issue; Chapman had fixed that by voluntarily entering into contracts at certain rates.

[1] Chapman had the right in the absence of a contract to be furnished with water by the Company, and to receive the same, but under the law he had the right to have the water not contracted to others. The law recognizes the right of irrigation companies to enter into contracts for the·sale of permanent water rights and to have the same secured by liens on the land or· otherwise, and the Company was acting strictly within its statutory rights in making the water contracts. Vernon's Sayles' Ann. Civ. Stats. 1914, arts. 5002a, 5002b. Contracts are contemplated by the statute, and the Company acted squarely within its powers in making the contracts involved in this case.

The statute provides for the lien foreclosed by the Company. The statute authorizes the disposition of the water controlled by the corporation for such time as may be agreed upon. Of 'course, that time might be as long as the life of the corporation, but it would not be a perpetuity and would be no restraint upon the alienation of the land. The lien is also given by statute.

[2] It has been held, under the statute, that while the law requires an' irrigation company to furnish water to the owner of land contiguous to the water canal, the company is not held to the requirement if the person complaining had no contract for water and all available water has been used by the Company in meeting the demands of those who had contracted for water. Such preference for the contracting owner of land was held not to be discriminatory. Louisiana Rio Grande Canal Co. v. Frazier (Tex. Civ. App.) 196 S. W. 210. The statute makes a' case of discrimination dependent on the irrigation company having or controlling water in excess of that contracted to others and not furnishing it. Vernon's Sayles' Ann. Civ. Stats. 1914, art. 5002c.

The statute (article 5002e) recognizes the permanency of water rights and provides that such rights "shall be an easement to the land and pass with the title thereto.":

This court, in the well-considered opinion by Associate Justice Cobbs in Edinburg Irr. Co. v. Paschen, 223 S. W. 329, held, under a similar contract to that now being considered:

"The right secured to appellee to water is in the nature of real estate; it was a covenant that ran with the land."

In that case the contract was held to be valid and binding, and in the opinion rendered in the same case, on writ of error, the judgment of this court was in all things affirmed by the Commission of Appeals. Edinburg Irr. Co. v. Paschen, 235 S. W. 1088. That court stated:

"It has long been held that permanent water rights, evidenced by grants or certificates of the character here in issue, are easements appurtenant to the land to be watered, and are a servitude upon the irrigation system."

[3] There is therefore no merit whatever in the contention that the contract embodied in the conveyance to the land was a perpetuity denounced by constitutional law, or was discriminatory in its character or objects, and the covenant is an aid to rather than a restraint upon alienation. The fourth proposition is not meritorious and is overruled.

[4] If the rates for the water were unreasonable, the burden rested on Chapman to allege and prove the unreasonableness. There is nothing on the face of the contract indicating unreasonableness or discrimination.

[5] Chapman agreed to pay a minimum sum on each acre of land owned by him, and it was immaterial whether the whole of the land was capable of being irrigated or not. If any of the land was in that condition, Chapman should have excepted it from the price he agreed to pay per acre. He bound himself to pay the minimum for each acre of the land.

[6] The matter of granting permission to Chapman to file a trial amendment was one addressed to the discretion of the court, and no abuse of such discretion is apparent in the refusal to allow the amendment to be filed.

[7] Plaintiff in error filed in the lower court a paper designated "adopting assignments of error," in which it is stated that he "adopts the assignments of error from No. 1 to No. 30, inclusive, as contained in defendant's motion for new trial." The paragraphs of the motion for new trial are not the assignments of error copied into the brief; the first ground of the motion for new trial, for instance, being only four lines, and assignment No. 1 in the brief being 13 lines. The same is true of the other assignments. While this may be permissible under decisions of the present Supreme Court,

it clearly is in violation of rule 32 adopted by the Supreme Court. That rule provides:

"The brief shall contain verbatim copies of such assignments of error filed in the trial court and reproduced in the transcript as are relied on in the appeal, but their original numbering may be disregarded. They shall be set out at the back of the brief, but if desired they may immediately follow the statement of the case."

The last sentence conclusively shows that the rule is one of the last set of rules adopted by the Supreme Court on September 1, 1921. If it has been altered or abrogated, we have not been apprised of that action. We have considered the assignments of error, however, as if they were "verbatim copies" of the different grounds of the motion for new trial.

The judgment is affirmed.