### McLEAN & CURRY v. W. H. ELLIS ET AL.

#### No. 2919.

1. **Parol Evidence to the Purpose of a Deed.**—It is well settled that the true consideration of a deed may be proved by parol evidence, and that a deed absolute on its face may be shown to have been executed in fact as a security for money, and for that reason treated as a mortgage. This rule is a substantial right, not to be varied or defeated by any form of expression or character of recitals contained in the instrument itself.

2. **Family—Homestead.**—There being no evidence that the maker of a deed was a married man, it was error to instruct the jury that a deed by the head of the family was void for the homestead, as an absolute deed by a head of a family not married conveys the homestead.

APPEAL from Orange. Tried below before Hon. W. H. Ford.

The opinion states the case.

*Bullitt & Bullitt,* for appellants.— 1. As will be seen from an inspection of the deed under which appellants claim from appellees, that appellees admit and say in this deed that appellants furnished them (the appellees) the money with which to purchase the land in controversy, with the understanding and agreement between them that the deed to this land in the first place should have been made to appellant. While it is permissible to engraft a trust upon an absolute deed, yet it is not permissible to

show by parol testimony that a deed was made for a different purpose than that stated upon its face. Rogan v. Williams & Co., 63 Texas, 123; 2 Phill. Ev., pp. 350–352.

2. The court erred in charging the jury that if they found from the evidence that the land described in the deed from the defendants to the plaintiffs was the homestead of T. W. Ellis and family, then they should find for defendant T. W. Ellis and against the plaintiffs for said land, irrespective of whether the deed was intended by the parties thereto to be a mortgage or a deed absolute upon its face, etc., because there was no evidence upon the trial of said cause to show that at the time said deed was executed that T. W. Ellis was a married man and living with his wife upon this property; and the said charge was calculated to and did mislead the jury and drew their attention from the facts in issue in said cause. Fore v. Hittson, 70 Texas, 517; Graham v. McCarty, 69 Texas, 323; Cook v. Dennis, 61 Texas, 246; Railway v. Greenlee, 62 Texas, 344.

No brief for appellees reached the Reporter.

HENRY, Associate Justice.—This was an action of trespass to try title, instituted by appellants.

The defendants W. H. and J. M. Ellis disclaimed and T. W. Ellis pleaded not guilty.

Upon the verdict of a jury judgment was rendered for the defendants.

The land was conveyed to the defendants by one Bland, whose deed expressed a consideration of $100 as having been paid by them.

Subsequently the defendants conveyed the land to plaintiffs by a deed in which the consideration was expressed substantially as follows: "One hundred dollars heretofore advanced to us by the firm of McLean & Curry for the purpose of purchasing the hereinafter described land and having the deed therefor made to them, which said $100 was used for purchasing said land."

The plaintiffs introduced in evidence the deed to themselves from the defendants, and proved by a number of witnesses the facts contained in said recital of the consideration.

The defendant, under his plea of not guilty, introduced evidence disputing the consideration expressed in the deed and going to show that the true consideration of the deed was money borrowed from the plaintiffs, and that the deed was intended as a mortgage to secure the same.

The defendant T. W. Ellis also testified as follows with regard to the lot in controversy: "I was at that time living upon the property with my family as my homestead."

The court among other things charged the jury as follows, in substance:

"1. That the burden of proof was upon the plaintiffs to show that they were the legal and equitable owners of the land.

"2.   That if the jury believed from the evidence that the deed made by defendants to plaintiffs was made only as security for a debt, they should find for the defendant T. W. Ellis.

"3.   If the jury believed from the evidence that the defendant T. W. Ellis lived together with his family upon the land conveyed to plaintiffs as the homestead of himself and his family, then they should find for said defendant, irrespective of whether the deed was intended as a mortgage or an absolute conveyance."

The plaintiffs objected to the introduction of any parol evidence to disprove the recitals in the deed of the considerations on which it was made.

It is well settled that the true consideration of a deed may be proved by parol evidence, and that a deed absolute on its face may be shown to have been executed in fact as a security for money and for that reason be treated as a mortgage.   Gibbs v. Penny, 43 Texas, 563.

The rule does not depend upon the manner of statement of the consideration in the deed.   The right is a substantial one, not to be varied or defeated by any form of expression or character of recitals contained in the instrument itself.

It is true, in a general sense, that the burden of proof of the whole case rested upon plaintiffs.

In Howard v. Zimpelman, 14 Southwestern Reporter, 62, an analogous case, this court said:   "In a case like the present it would be proper to instruct the jury as to the legal effect of the conveyance, and that the parties to it are presumed in the first place to have intended that it should have that effect, but that they should find that a trust was intended, provided the other evidence be sufficient to overcome that presumption." Such would have been the appropriate method of instruction in this case.

While the evidence unexplained sufficiently indicated that T. W. Ellis was the head of a family, and as such entitled to a homestead, it did not show that he was a married man.   If he had no wife there is nothing in the evidence tending to show that he would not be bound by an absolute deed of conveyance, notwithstanding the property was his homestead and as such protected from forced sale.

We can not be certain that the jury were not misled by the charge to the contrary.

The judgement is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered January 30, 1891.