### W. L. MOODY & COMPANY v. B. W. ROWLAND.

#### No. 1623. Decided February 27, 1907.

**Pleading—Evidence.**

The fact that evidence, not admissible under a general denial, was received without objection, will not sustain the defense presented thereby or authorize a charge submitting it when such matter should have been, but was not, specially pleaded. (Pp. 370, 371.)

Question certified from the Court of Civil Appeals for the First District in an appeal from Galveston County.

*T. N. Jones, John M. Duncan, Jas. B. & Chas. J. Stubbs* and *Terry, Cavin & Mills,* for appellants.—Clarke, having thus been released from liability on the Galveston County judgment before appellee claims to have bought it, and there being no evidence in the entire record of the value of the purchase price appellee claims to have paid for said judgment, the court should have given to the jury appellants' special instruction directing them to find in favor of appellants for the reason that the uncontradicted testimony showed that the other defendants in the judgment were insolvent at the time appellee claims to have purchased said judgment and have been insolvent ever since.

The assignee of a judgment takes it subject to all the equities existing between the original parties, whether he had notice of the same or not. Where a judgment once paid or otherwise discharged, but not satisfied of record, is assigned by the judgment creditor, the assignee takes it subject to all defenses and equities which the judgment debtor had against the assignor. The assignee is bound to inquire and takes the judgment as if it were past due paper. Wintz v. Gordon, 2 Posey U. C., 214; Ellis v. Kerr, 11 Texas Civ. App., 349; Dutton v. Mason, 21 Texas Civ. App., 392; Freeman on Judgments (3d ed.), sec. 427. and cases cited; 2 Black on Judgments, sec. 953, and cases cited; 17 A. & E. Enc. of Law, (2d ed.), p. 884, and cases cited; Wright v. Levy. 12 Cal., 257.

The assignor of a judgment impliedly warrants to the assignee that it is a valid and subsisting obligation in favor of the assignor against his judgment debtor. If it is not such a valid and subsisting obligation, then the warranty is broken as soon as it is made, and the measure of the assignee's damages is the consideration he paid the assignor for the judgment. Cyc., vol. 4, pp. 82 and 83, and cases cited; Moody v. Rowland, 16 Texas Ct. Rep., 283; George v. Hesse, 15 Texas Ct. Rep., 824; Mathews v. Allen, 6 Texas, 330; Anderson v. Duffield, 3 Texas, 237; Scanton v. Tilley, 16 Texas, 183; Anding v. Perkins, 29 Texas, 348; Hudson v. Norwood, 35 S. W. Rep., 1075; Spratt v. McKinney, 1 Bibb (Ky.), 595; Boyd v. Anderson, 1 Overton (Tenn.), 437, 3 Am. Dec., 762; Lawton v. Howe, 14 Wis., 241; Lile v. Hopkins, 12 Smedes & Marshall (Miss.), 299, 51 Am. Dec., 115.

The evidence of Clarke's prior release and the defense predicated upon that fact instead of confessing that the plaintiff once had the cause of action which he claimed to have, was a denial that he ever had that cause of action and a denial of original liability of the defendants. The plaintiff's case as plead was that they had bought a valuable piece of property, to wit, a judgment that was a valid, subsisting and unsatisfied claim against all the judgment debtors.

*Kleberg, Davidson & Neethe, Lewis Fisher* and *Johnson & Edwards,* for appellee.—Moody & Co. having sold the judgment to appellee as subsisting against all the debtors, withholding from him all knowledge of the previous release of Clarke from the judgment, and thus obtaining from appellee the valuable consideration he gave for it, they are estopped from asserting as a defense in this suit that they had released Clarke before the sale. Equity will treat the judgment as being in that condition in which appellants represented it to be when they sold it, for to

permit them to affect this suit by showing that they had released Clarke before they sold the judgment to appellee would work a fraud upon him. Schwarz v. Bank, 67 Texas, 217, 218; Baylor County v. Craig, 69 Texas, 330, 333; Kempner v. Huddleston, 90 Texas, 182; Building & Loan Assn. v. Stewart, 94 Texas, 441, 447; Fielding v. DuBose, 63 Texas, 631; Risien v. Brown, 73 Texas, 135, 142; Tanner v. Nichols, 80 S. W. Rep., 225; Guest v. Guest, 74 Texas, 664; Weinstein v. Bank, 69 Texas, 38; Crescent Ins. Co. v. Griffin, 59 Texas, 510; Stewart v. Crosby, 26 S. W. Rep., 651; Westbrook v. Guderian, 22 S. W. Rep., 59; Grissler v. Powers, 81 N. Y., 57; Besson v. Eveland, 26 N. J. Eq., 468; Givens v. Printing Co., 114 Fed. Rep., 92, 95; Emerson v. Knapp, 75 Mo. App., 92; Miller v. Dugan, 36 Iowa, 433; Furniss v. Ferguson, 15 N. Y., 437; 2 Black on Judg. (2d ed.), sec. 949; 2 Pomeroy's Eq. Jur. (3d ed.), secs. 801-804.

Appellant's can not avail themselves of their agreement for Clarke's release from the judgment before they sold it to appellee, because they did not plead the same. The general denial did not raise that issue, and for this reason the trial court properly refused the requested instruction. Smothers v. Field, 65 Texas, 435; Willis v. Hudson, 63 Texas, 678; Glasscock v. Hamilton, 62 Texas, 143; Townes on Texas Plead., p. 365-369.

BROWN, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals of the First Supreme Judicial District as follows:

"In the above styled and numbered cause now pending in this court on appeal we submit the following statement upon which the question hereinafter certified is based:

"Appellee brought this suit against appellants, a firm composed of W. L. Moody, W. L. Moody, Jr., and F. B. Moody, to recover damages for the alleged wrongful and fraudulent act of appellants in releasing a judgment for $23,490.26 obtained by them on January 25, 1899, in the District Court of Galveston County, against H. H. Rowland, A. L. Clarke, J. D. Moody and J. H. LeGrand, and which they had for a valuable consideration sold to appellee prior to the date of said release.

"Plaintiff's petition contains the following allegations: 'That on or about the 24th day of February, 1900, while the said judgment was still in full force, unpaid and unsatisfied, this plaintiff, for a valuable consideration, purchased the said judgment from the defendant W. L. Moody & Co., and the said defendant sold said judgment to this plaintiff and agreed and contracted with the plaintiff to transfer the same to plaintiff. The consideration paid by the plaintiff to the defendant for the purchase of said judgment and the contract and agreement whereby plaintiff purchased said judgment was as follows:

"'The plaintiff agreed and contracted to convey to the defendant certain lands situated in Presidio County, Texas, constituting about one hundred and five thousand acres located by virtue of certificates issued to the Texas & St. Louis Railway Company, and in order to place the title to said lands in said W. L. Moody & Co. and to divest the same out of the plaintiff, it was agreed by and between the plaintiff and the defendant that in a certain suit then pending in the District Court of Presidio County, Texas, wherein said W. L. Moody &

Co. were plaintiffs and the said B. W. Rowland and others were defendants in which suit the said W. L. Moody & Co. sought to recover of this plaintiff, and the other defendants therein, the said lands, a judgment by default against this plaintiff and said other defendants should be rendered in said suit in favor of the said W. L. Moody & Co. for the recovery of said .lands; that a certain contract entered into between said W. L. Moody & Co. and H. H. Rowland with reference to certain lands situated in the counties of Crockett, Brewster and Jeff Davis in the State of Texas, should be canceled by said H. H. Rowland; that said Moody was to pay B. W. Rowland, this plaintiff, the sum of twenty-five hundred dollars ($2,500) and was to pay and settle a certain claim against said B. W. Rowland, plaintiff, held by one Brown, to Duncan & Jones, attorneys for said Brown, and said W. L. Moody & Co. was to assign and turn over to the plaintiff, B. W. Rowland, certain collateral claims held by said Moody & Co., that the plaintiff was to turn over and surrender to the defendants, W. L. Moody & Co., certain vendor's lien notes given by one Willson to the plaintiff, and the certificates to the lands in Presidio, Brewster, Crockett and Jeff Davis Counties, Texas, and the defendants, W. L. Moody & Co., on their part were to assign to the plaintiff, B. W. Rowland, the aforesaid judgment of W. L. Moody & Co., v. H. H. Rowland, A. L. Clarke, J. D. Moody and J. H. LeGrand, and the said defendants, W. L. Moody & Co. did contract and agree with the plaintiff, for the consideration above set forth and as part of said agreement, to transfer and assign to plaintiff the said judgment above referred to of W. L. Moody & Co. v. H. H. Rowland, A. L. Clarke, J. D. Moody and J. H. LeGrand.'

"It is further alleged, in substance, that plaintiff complied fully with the terms of his said contract and agreement and that defendants had also complied with all of their said contract undertakings save and except their agreement to transfer and assign said judgment to plaintiff, which agreement they failed and refused to perform; that by reason of the premises plaintiff became the owner of said judgment and entitled to all the rights, remedies and processes thereto belonging; that after the performance by plaintiff of his part of said agreement the defendants repeatedly promised to execute and deliver to him an assignment of said judgment, but failed to do so and on the 2d day of October, 1902, without the knowledge or consent of plaintiff and in fraud of his rights they wrongfully and fraudulently and for a valuable consideration released the said A. L. Clarke, J. D. Moody and J. H. LeGrand from all liability on said judgment; that the said parties obtained said release without notice of plaintiff's rights in said judgment, and plaintiff has thereby lost his right to enforce said judgment against them, that at the time plaintiff purchased said judgment and at the time said releases were executed the judgment was in full force unpaid and unsatisfied, and could and would have been collected by plaintiff from said Clarke, Moody and LeGrand but for the wrongful and fraudulent act of defendants in executing said release; that said Clarke, Moody and LeGrand were and are possessed of property out of which the amount of the judgment could have been made, but that H. H. Rowland was at the time said judgment was purchased by plaintiff, and has been continuously since that time, wholly insolvent and no part of said judgment

can be collected from him;.that plaintiff has realized nothing on said judgment and it is now worthless by reason of the said wrongful and fraudulent act of the defendants.

"It is further alleged that the interest of plaintiff in the lands conveyed by him to defendants as aforesaid exceeded in value the amount of said judgment and was 'so accepted by defendants.' It is then alleged that by reason of the premises aforesaid and of the said wrongful and fraudulent acts of defendants, the plaintiff has been damaged in the sum of $40,000, and judgment for that amount is asked against defendants.

"Defendants answered by general and special exceptions and general denial, plea of limitation of two years and special plea under oath denying 'that they ever contracted, either verbally or in writing, to convey, transfer or sell to B. W. Rowland the judgment aforesaid against H. H. Rowland, Clarke, J. D. Moody and LeGrand, or that B. W. Rowland ever paid them, or anyone for them, any consideration for said judgment, or that B. W. Rowland ever had or held any right, title or interest in said judgment,' and also denied, under oath, that they ever agreed or contracted to transfer said judgment to B. W. Rowland at any time, or that they ever at any time authorized anyone for them to make any such contract, or that they, or anyone representing them, ever made any representations at any time that they would transfer or assign said judgment to said B. W. Rowland, or sell it to him, or that they ever held out to him or led him to believe that they intended to do so; and alleged under oath that if B. W. Rowland had any written contract or agreement purporting to be signed by them, or by anyone claiming to be their agent or attorney, agreeing to transfer and convey to him the said judgment, that the same was made without their knowledge or consent, and without any authority, either verbal or written, to execute the same.

"The trial of the cause in the court below, by a jury, resulted in a verdict and judgment in favor of plaintiff in the sum of $25,466.12, and defendants have appealed.

"The evidence shows that on January 25, 1899, the defendants recovered a judgment in the District Court of Galveston County against H. H. Rowland, A. L. Clarke, J. D. Moody and J. H. LeGrand for the sum of $23,490.25, with foreclosure of attachment liens upon several tracts of land in Crockett, Brewster and Jeff Davis Counties, and also one hundred and five thousand acres in Presidio County, all of which lands had been attached as the property of H. H. Rowland.

"Orders of sale were issued on this judgment and at the sales thereunder Moody & Co. became the purchasers of all of the lands. In March, 1899, after the purchase by Moody & Co. of the Crockett, Brewster and Jeff Davis County lands, they entered into a contract with H. H. Rowland to reconvey said lands to him upon his payment to them within a specified time of a sum named in said contract. After the purchase of the Presidio lands under said order of sale, defendants brought suit therefor against H. H. Rowland, W. P. Rowland and the plaintiff herein, B. W. Rowland. The petition in that suit alleged that the lands in controversy therein were the property of H. H. Rowland when levied upon under the writ of attachment and that H. H. Row-

land had placed the title thereto in B. W. Rowland for the purpose of defrauding his creditors.

"This suit was pending in the District Court of Presidio County on the 24th day of February, 1900. Such being the relation of the parties to each other an agreement was entered into, on the date last mentioned, between H. H. and B. W. Rowland on the one side and Moody & Co., acting by their duly authorized agent, T. F. Lawson, on the other, by the terms of which B. W. Rowland was to convey to Moody & Co., the Presidio County lands and judgment by default was to be taken by Moody & Co. in the suit then pending in Presidio County for the recovery of said lands, the contract by which Moody & Co. were obligated to reconvey the Brewster, Crockett and Jeff Davis County lands was to be canceled, the certificates under which the lands were located and the map showing said locations were to be turned over to Moody & Co., and certain vendor's lien notes executed by one Willson in favor of B. W. Rowland for a portion of the Presidio County lands were also to be delivered to them. In consideration of these agreements Moody & Co. agreed to pay B. W. Rowland $2,500 and to pay a claim against him held by one Brown for $750, and also to pay all taxes due upon the Presidio County lands and to turn over to B. W. Rowland the collateral held by them as security for the debt for which the judgment in their favor against H. H. Rowland, had been obtained.

"There is no conflict in the evidence as to the above terms of said agreement and all of them were fully complied with by the parties.

"Plaintiff claims that as an additional consideration for his agreements above set out the defendants agreed that he should become the owner of the judgment in the District Court of Galveston County held by them against H. H. Rowland, A. L. Clarke, J. D. Moody and J. H. LeGrand, and that they would transfer and assign said judgment to him. The evidence upon this issue is conflicting, but no question is made by the appellants as to its sufficiency to sustain the finding of the jury that Lawson, who was the duly authorized agent of defendant, did agree to transfer said judgment to plaintiff as alleged, nor is such finding attacked on the ground that it is against the preponderance of the evidence. The defendants are not shown to have had any actual knowledge of this agreement, having never been so informed either by their agent, Lawson, or the plaintiff prior to the execution of the releases mentioned in the petition.

"This judgment could have been collected from A. L. Clarke at the time it was sold to plaintiff, or at any time prior to his release therefrom. H. H. Rowland was insolvent when the judgment was sold to plaintiff and has since been adjudged a bankrupt. Appellee offered no evidence tending to show that the judgment could have been collected from either of the other defendants therein.

"Lawson testified that he regarded all of the defendants in said judgment as insolvent and the judgment as worthless, but he further testified that the judgment had been recorded in Harris and other counties and that thereby a lien had been created upon lands held or claimed by J. D. Moody in said counties. There is no evidence showing the quantity of land, if any, owned by said Moody or its value.

"It was shown that Lawson had agreed in April, 1899, to release

Clarke from further liability upon said judgment in consideration of services rendered by him in assisting in procuring a settlement with the Rowlands of the matters in controversy between them and the defendants in regard to the Brewster, Crockett and Jeff Davis County lands, and to be rendered in effecting a settlement of the suit for the lands in Presidio County. Clarke assisted in bringing about this latter settlement and the uncontradicted evidence shows that he had been released from the judgment at the time it was agreed to be transferred to plaintiff, but this fact was not known to plaintiff. There is no evidence showing the value of the consideration given by plaintiff for the judgment. It was not shown what interest he claimed in the Presidio County lands and there is no testimony tending to establish the value of said lands or of his interest therein.

"In October, 1902, the defendants for a valuable consideration executed and delivered to Clarke, J. D. Moody and LeGrand written releases of said judgment. None of said judgment defendants knew at the time they procured said releases that plaintiff had any interest in said judgment. This suit was filed on the 25th day of May, 1903.

"Upon this state of the pleadings and evidence the trial court instructed the jury that in event they found that the judgment had been sold to plaintiff as alleged by him and that it could have been collected at the time it was sold or at any time prior to the execution of the releases of October, 1902, from Clarke, Moody or LeGrand, or anyone of them, to find for plaintiff the amount due upon said judgment on the date of its sale to him with interest thereon from said date.

"The defendants requested the court to give the jury the following instruction, which was refused:

" 'You are instructed that by the undisputed testimony in this case, A. L. Clarke was released from any liability under or on account of the Galveston County judgment, in favor of W. L. Moody & Co., against said A. L. Clarke and others, in 1899, and thereafter, no part of said judgment could have been collected from said A. L. Clarke, either by W. L. Moody & Co., or any other person holding or owning said judgment. And you are instructed that, under the evidence presented in this case even if you find in favor of the plaintiff, then in determining the amount to which the plaintiff would be entitled, you will not take into consideration at all the question of whether or not A. L. Clarke was solvent or insolvent, or whether or not he had or has property out of which the judgment in said Galveston County case could have been made, had he not been released from liability upon said judgment, and you will only take into consideration in arriving at the amount of your verdict, the question of how much could have been collected upon said judgment from H. H. Rowland, J. D. Moody or J. H. LeGrand, or from all of them, and if you believe from the evidence that said J. D. Moody, H. H. Rowland and J. H. LeGrand were insolvent on the 24th day of February, 1900, and have been insolvent ever since that time, then you are instructed, in such event, to find your verdict in favor of the defendant, W. L. Moody & Co.'

"Upon the foregoing statement of the pleadings and evidence, we respectfully certify for your decision the following question:

"Did the trial court err in refusing the requested instruction above set out?"

The trial court did not err in refusing to give to the jury the charge requested by the appellants' as stated above.

The evidence, which was admitted, although sufficient to sustain the issue presented in the charge, did not raise that issue before the jury, unless the evidence so admitted would have been admissible, under the general denial, over the objection of the appellee. The fact that the evidence was admitted without objection will not sustain the charge as requested by the appellant. (Western U. T. Co. v. Smith, 88 Texas, 9; Cooper v. Loughlin, 75 Texas, 527.)

The requisites of pleading in our courts are prescribed by the following article of the Revised Statutes: "Art. 1183. The pleading shall consist of a statement, in logical and legal form, of the facts constituting the plaintiff's cause of action, or the defendant's ground of defense." The defendant may, by a general denial, put the plaintiff upon proof of the facts alleged in the petition, and, under such general denial, the defendant would be entitled to introduce evidence which tended to disprove the facts alleged in the plaintiff's petition and to rebut evidence offered by the plaintiff. If a defendant desires to introduce evidence of a fact which does not tend to rebut the facts of the plaintiff's case, but which shows an independent reason why the plaintiff should not recover upon the case stated and proved, then such defendant must·plead the facts which will avoid the legal consequence of plaintiff's case, else the testimony will not be admissible, and a judgment rendered upon such evidence, admitted under a general denial, will not be sustained. (Willis v. Hudson, 63 Texas, 678; Smothers v. Field, Thayer & Co., 65 Texas, 435.)

The case last cited was a motion against the sheriff and his sureties for a refusal to levy upon certain lands the title to which was in the name of the wife of the defendant in execution. The sheriff and his sureties defended upon the ground that the property, although deeded to the wife during the. marriage, was, in fact, paid for with separate funds, therefore it was her separate estate and not liable to the execution. The court, speaking through Chief Justice Willie, said: "As the plaintiff is not bound to allege any more than he must prove, it is sufficient that he sets forth in his petition a state of facts such as, if established, will shift the burden of the proof upon the defendant in the motion. The defendant must prepare his pleadings to correspond with the character of proof to be used by him to meet the prima facie case of the plaintiff. If he proposes to disprove the facts alleged by the plaintiff, a general denial will serve his purpose. But if the facts alleged are true, and he wishes to explain or avoid them, he must aver, specially, the matters of avoidance or explanation upon which he relies. These are well settled rules under our system of pleading, applicable to this class of cases as well as any other. In the present case the plaintiff averred a conveyance for valuable consideration to the wife of Evans, the defendant in execution. This made a prima facie case of such ownership in Evans as rendered the property subject to the execution, for the law presumed it to be community property.

If the sheriff proposed to show that the lots were not conveyed to Mrs. Evans, or were not conveyed for valuable consideration, in that the grantee was not the wife of Evans, or any other fact alleged as above stated, the only necessary pleading on his part was a general denial; for he would be merely disproving the allegations of the plaintiffs. But, if he proposed to admit these allegations, and avoid them by showing that Mrs. Evans' separate estate paid for the lots, and that they thereby became her separate property, and not liable for her husband's debts, a special plea should have set up these facts. The plaintiffs' case would not be denied, but admitted, and the defendant in the motion would be setting up outside facts to sustain a new issue, upon which the burden of proof rested upon him."

The charge submitted for our opinion assumed as established a certain state of facts and then proceeded: "And you are instructed that, under the evidence presented in this case, even if you find in favor of the plaintiff, then in determining the amount to which the plaintiff would be entitled, you will not take into consideration at all the question of whether or not A. L. Clarke was solvent or insolvent, or whether or not he had or has not property out of which the judgment in said Galveston County case could have been made, had he not been released from liability upon the said judgment, and you will only take into consideration in arriving at the amount of your verdict the question of how much could have been collected upon the said judgment from H. H. Rowland, F. D. Moody or J. H. LeGrand, or from all of them." This, in effect, presented a fact in the nature of a confession and avoidance of the plaintiff's case; that is, the jury would have been instructed that, admitting all the plaintiff's evidence proved, still the undisputed evidence established a certain fact which defeated plaintiff's right of recovery. That fact did not controvert any allegation or evidence upon which the plaintiff relied for a recovery, therefore the testimony was not admissible under the general denial and made no issue which the court was authorized to submit to the jury. The correctness of our conclusion is emphasized by the correct statement of appellants' counsel in their argument: "Besides, matter of estoppel could not be relied upon or availed of by appellee unless pleaded by him, which he did not do." How could plaintiff plead estoppel against a defense not disclosed by the answer? Matter which must be replied to must be pleaded.

We need not discuss the other questions presented in the argument.