## O'NEILL v. O'NEILL.

(Court of Civil Appeals of Texas. March 15, 1911.)

1. MORTGAGES (§ 38*) — DEED ABSOLUTE IN FORM.

The testimony of the plaintiff in trespass to try title that he explained to his father, who conveyed the land to him, that when it was sold and the debts were paid that he was to get the balance, shows that the deed, which was absolute on its face, was a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 108–111; Dec. Dig. § 38.*]

2. HOMESTEAD (§ 115*) — TRANSFER — MORTGAGE.

Where a mortgage by means of a deed absolute on its face was placed on a homestead, it was void so far as the homestead is concerned.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 183–190; Dec. Dig. § 115.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Trespass to try title by Henry O'Neill, Jr., against Henry O'Neill, Sr. From a judgment for defendant, plaintiff appeals. Affirmed.

Gordon Bullitt, for appellant. Swearingen & Tayloe and M. Fitzhugh, for appellee.

FLY, J. This is an action of trespass to try title to the east part of lot No. 7, in block No. 49, city block No. 564, in the city of San Antonio, instituted by plaintiff in error against defendant in error, who will be denominated, respectively, "plaintiff" and "defendant" hereinafter. The defendant filed general and special demurrers and pleaded not guilty, and filed a cross-action alleging that he had been dispossessed of the land by plaintiff, who had collected the rents arising therefrom, and he prayed that the cloud be removed from his title and for his rents and costs of suit. The cause was submitted to a jury, and a verdict returned for defendant.

The basis of plaintiff's claim was two deeds; the first having been executed by defendant to plaintiff, and the latter by defendant, dated April 20, 1907. The last deed referred to the first and recites that it was executed to correct an erroneous description of the land in controversy; it being recited that there was an error in the description in the first deed. There were two parcels of land described in the two deeds; but this case is concerned only with the land hereinbefore described. The land is known as the Dawson street property, and it was the homestead of defendant. The parties are father and son.

The court presented the only issue in the case as follows: "You are instructed that both the plaintiff and defendant have waived their respective claims for rents collected from the property involved in this suit, and, as to the property itself, you are instructed to return a verdict for the plaintiff, unless you believe from a preponderance of the evidence that it was intended by and between plaintiff, H. O'Neill, Jr., and the defendant, H. O'Neill, Sr., that the conveyance covering the Dawson street property, the property involved in this suit, from H. O'Neill, Sr., to H. O'Neill, Jr., and wife, was intended to be a mortgage, and not intended as a deed absolute to the property involved in this suit, in which event, if you so find, you will return a verdict for the defendant."

There was testimony to sustain the contention that the instruments, though deeds in

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

form, were in reality intended to be mortgages. There was executed, at the same time that the first deed was executed, an agreement in writing, which was signed by both parties, in which authority was granted to plaintiff to sell the other tract which was described in the deeds to the land in controversy; both tracts being conveyed thereby. In that memorandum it appears that the parties did not consider the instrument conveying the property to be a deed, but a mortgage. Defendant swore that it was not intended to convey the title to the land, but merely to grant a lien on it to secure debts. The two tracts were shown to be worth at least $2,500, and the debts amounted to about $1,000. There was in evidence a letter, dated September 17, 1907, written by plaintiff, in which are expressions indicating that he recognized that title to the property was still in his father. The letter was written several weeks after the first deed was executed. Plaintiff testified: "As I stated, I explained to my father fully that when the property was sold, and the indebtedness on the property was paid, and the F. Groos business was settled, he was to get the balance. I don't know whether he would have signed the deed or not if I had not made that statement." That evidence alone was sufficient to show that the instrument was a mortgage, and not a deed. The land in controversy was the homestead of defendant, and the mortgage so far as it was concerned was void. Silberberg v. Pearson, 75 Tex. 287, 12 S. W. 850; McLean v. Ellis, 79 Tex. 398, 15 S. W. 394.

We think the average juryman would know the meaning of the word "mortgage," and it was unnecessary for the court to define it. The matter was fully explained, however, in special charges requested by plaintiff and given by the court. The jury evidently understood the difference between a mortgage and an absolute deed, and reflected that understanding in the verdict, which was supported by the evidence.

The judgment is affirmed.