**COMBS v. UNITED IRR. CO.**

**No. 10174.**

Court of Civil Appeals of Texas. San Antonio.

Dec. 1, 1937.

Rehearing Denied Dec. 22, 1937.

Nowlin Randolph, of San Antonio, for appellant.

R. D. Cox, Jr., and Strickland, Ewers & Wilkins, all of Mission, for appellee.

MURRAY, Justice.

Appellee, United Irrigation Company, a corporation, instituted this suit in the ninety-third district court of Hidalgo county against Guy S. Combs, individually, seeking to recover the sum of $1,981.07, alleged to be the amount due for water on the flat rate basis, under a permanent water contract covering 114.9 acres of land alleged to belong to said Guy S. Combs, and for foreclosure of an alleged lien on said 114.9 acres of land. The flat rate was alleged to be $4 per acre per year, and the suit was for a period of five years.

Guy S. Combs, as independent executor of the estate of D. S. Combs, deceased, intervened in the case, alleging, among other things, that the 114.9 acres of land did not belong to him individually, but was owned by the estate of D. S. Combs, deceased:

He also set up many defenses to the cause of action asserted by appellee.

The trial was to the court, without the intervention of a jury, and judgment was rendered in favor of the irrigation district for the amount sued for, together with a foreclosure of the lien against the estate of D. S. Combs, deceased. Guy S. Combs individually was dismissed from the suit. The trial court filed findings of fact and conclusions of law amply supporting the judgment. Guy S. Combs, as independent executor of the estate of D. S. Combs, deceased, has prosecuted this appeal.

The facts show that the 114.9 acres of land involved herein was a part of a larger tract of land owned by Hicks A. Wood, Edwin G. Paschal, and D. S. Combs; that such owners accepted a permanent water contract offered by the irrigation company a number of years prior to this suit; that thereafter D. S. Combs became the owner of the 114.9 acres here involved; and thereafter D. S. Combs died, and his estate became the owner of said land. The permanent water contract covers approximately 100 pages of the statement of facts and contains numerous provisions, many of which are unimportant to this appeal, and we shall hereafter discuss the provisions of this contract which are pertinent to the questions raised.

■ Appellant's first complaint is that the failure of the irrigation company, appellee herein, to execute the "period contract" provided for in paragraph 39 of the permanent water contract, terminated such contract. We overrule this contention. The contract is a permanent water contract, and the failure to execute "period contracts" provided for in paragraph 39 could in no way defeat the provisions of the main contract.

■ Appellant next complains that the contract providing that the company shall fix its flat rate on the basis of six factors therein set out, the burden was upon the company to show that its flat rate had been fixed in accordance with the terms of the contract. Appellant's principal complaint is that the evidence shows that the flat rate was fixed without taking into consideration the one item of profit to the company. The failure to consider this item could work no prejudice to appellant. Before appellant could complain of the flat rate he would have to show that it was not a reasonable rate, in view of the provisions contained in the contract. Chapman v. American Rio Grande Land & Irrigation Co., Tex.Civ. App., 271 S.W. 392.

■ Appellant next complains that, inasmuch as the flat rate was more than the land would produce, it amounts to confiscation of the property, and that therefore the irrigation company would not be permitted to enforce it. This contention is overruled. In the first place, the right of an irrigation company to collect the flat rate under its contract simply does not depend upon what the land may produce. Furthermore, the failure of the land herein to produce may have been caused by lack of planting crops and proper cultivation; but, regardless of why it failed to produce revenue, this fact alone does not defeat the irrigation company's right to collect its flat rate from appellant.

■ Appellant next complains that the contract was not enforceable because it lacked mutuality of obligation in that it provided that the company should not be liable for failure to furnish water for certain named causes, or for any other cause other than the negligence of the company. That provision of the contract being as follows: "13. If by the act of God; or the public enemy; or any private enemy; or any Treaty of the United States; or Act of Congress; or Act of the Legislature of Texas, or any Act or Order of any court, Tribunal, Department, Board of Officer of the United States or of the State of Texas, or any Governmental Authority, or riots, mob violence, disorders, strikes or labor troubles; or any accident, injury, failure, or breaking of any machinery, structures, equipment, appliances, intakes, reservoirs, canals, laterals, ditches, bulkheads, headgates, gates, embankments, levees, or properties of said irrigation system and of the company or high water or lowwater or diversions in or out of the Rio Grande or inability to obtain sufficient water therefrom, or if from any cause whatsoever, whether specially enumerated herein or not, (and the enumeration of said specific causes shall not exclude any cause not specially enumerated), which does not involve negligence on the part of the company; the company is or shall be or become unable to furnish such water, or to furnish any particular quantity or supply thereof, or to furnish same at any particular time, or for or during any particular period or periods of time, or to furnish same for any particular purpose, either, all or any thereof; it is agreed that the company shall

not be or become under any obligation or liability for or arising out of any such failure to furnish any such water; and it is agreed that in any such case the owner shall, and will thereupon, be relieved, for the time and during the period the company cannot from either or any such cause furnish such water from the payment of the rentals, rates and charges, herein provided, including the flat rate, or the proportionate part of such rentals, rates, charges and flat rate that would otherwise run and accrue for and during such period of time."

Under the doctrine of ejusdem generis this provision would not have the effect of relieving the company of its willful failure to furnish water, but only for its failure to furnish water for the causes stated in this paragraph, or other similar causes. 2 Words and Phrases, Second Series, p. 225.

Appellant next contends that the irrigation company being required by law to furnish water to this land the permanent water contract was wanting in consideration in that the company undertook no new obligation, and thus there would be no mutuality of obligation. We overrule this contention. The statute itself recognizes the right of an irrigation company and landowners adjacent thereto to contract with reference to water rights. See articles 7546, 7547, 7554, 7555, 7556, 7559, R.S.1925. These statutes settle this question adversely to appellant's contention.

Appellant next contends that appellee's pleadings are insufficient to support the judgment herein rendered. This contention is without merit and is overruled.

Appellant next contends that the contract is insufficient to create a lien upon the land because the contract uses the word "acknowledges" rather than "creates" a lien on the land. We think that the wording of the contract was sufficient to show that it was the intention of the landowner to create a lien against his land to secure the payment of the water charges to the irrigation company. Accordingly, this proposition will be overruled.

Appellant next contends that the obligation of the landowner to an irrigation company to pay a certain sum per acre per year is a personal covenant of the landowner and, despite language in the contract to make such flat rate charges a permanent charge upon the land, will not bind the landowner's successors in title.

This contention is also overruled. Paragraph 9 of the contract reads as follows:

"9. This conveyance and agreement, and each and all the terms and provisions hereof, shall be appurtenant to, and shall run with the title of, the particular described tract of land, and each and every part and portion thereof; and shall be binding upon the owner or owners thereof, and his, its or their heirs, successors, legal representatives, grantees and assigns either of the whole or of any part or portion, of said lands, as above stated.

"The owner shall have no right to transfer or assign or convey this agreement or any of the rights and privileges conveyed hereunder, except the transfer, assignment or conveyance thereof, be made in connection with and as a part of the conveyance of said lands or of a part thereof, and to the grantee or grantees under such conveyance of the lands.

"Each and every conveyance of said lands, or of any part thereof, whether voluntary or by operation of law or by devise or descent or by judicial sale or otherwise, shall ipso facto carry with it as a part of the title of said lands, each, all and every of the rights, benefits and privileges of the owner hereunder in respect to such lands whether same be expressly stated or provided in such conveyance or transfer of the title of said lands or not, and whether any express or written transfer, assignment or conveyance of this agreement and of the rights and privileges conveyed hereunder be made or not."

This language plainly expresses the intention to create and fix the water rights mentioned in said permanent contract as a covenant running with the land and as an appurtenance thereto, fixing and creating on said land an easement and valuable water right. The authorities are against appellant's contention. Ball v. Rio Grande Canal Company, Tex.Civ.App., 256 S.W. 678; Chapman v. American Rio Grande Land & Irrigation Co., supra; 12 Tex.Jur. p. 51, § 33, p. 54, § 35; Beckham v. Ward County Irrigation Dist. No. 1, Tex.Civ. App., 278 S.W. 316; 7 R.C.L. p. 1110, § 26.

This suit is an attack upon the permanent water contract executed by the irrigation company and accepted by appellant's predecessors in title. We are of the opinion that the contract is not subject to the many attacks and criticisms leveled at it by appellant. The contract is legal and binding in

every respect and is sufficient to support the judgment herein rendered.

Accordingly, the judgment of the trial court will be in all things affirmed.

### On Motion for Rehearing.

Appellant, in his motion for a rehearing, calls our attention to the fact that Guy S. Combs, individually, was not dismissed from the suit, but that judgment was rendered that plaintiff take nothing as against Guy S. Combs, individually. Our statement in the opinion that the cause was dismissed as to Guy S. Combs is incorrect, and the fact is that judgment was rendered that plaintiff take nothing against him individually. Of course, the effect is exactly the same, so far as this appeal is concerned, but in the interest of accuracy we are glad to make the correction.

Appellant also challenges as inaccurate our statement made with reference to appellant's attack upon the rate structure of the appellee, to wit: "Appellant's principal complaint is that the evidence shows that the flat rate was fixed without taking into consideration the one item of profit to the company." We did not intend to convey the idea by that statement that appellee made this contention in so many words, but, rather, that his contention, when analyzed, amounts to such a contention, or, in other words, that is the construction we place upon his contention.

We have carefully considered appellant's motion for a rehearing and, being of the opinion that this cause was properly decided in our original opinion, the motion for a rehearing will be overruled.