### McQUITTY v. HARTON.

(Court of Civil Appeals of Texas. Amarillo. May 25, 1912. Rehearing Denied June 29, 1912.)

COVENANTS (§ 1*)—CONSTRUCTION — INDEFINITENESS—ENFORCEMENT.

A deed from defendant to plaintiff provided that for further consideration defendant promised to furnish plaintiff water for his necessary household use and for his stock. Another deed also provided that for further consideration defendant promised to furnish plaintiff water that might be necessary for his stock and for personal use about the house and premises. *Held*, that the covenants were not such as would run with the land for all time, and, being therefore indefinite both as to the length of time they would bind defendant to furnish water and also as to the number of stock for which water would be furnished, they were too indefinite to entitle plaintiff to recover for breach thereof.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 1; Dec. Dig. § 1.*]

Appeal from District Court, Dallam County; D. B. Hill, Judge.

Action by W. L. McQuitty against J. W. Harton. From a judgment of dismissal, plaintiff appeals. Affirmed.

Clifford Braly and W. B. Chauncey, both of Dalhart, for appellant. Tatum & Tatum, of Dalhart, for appellee.

PRESLER, J. This is a suit by appellant to recover a judgment against appellee for the sum of $56 expended for piping and ma-

terial to connect his premises with the waterworks in the city of Dalhart, $5 for labor in connecting said piping, and $2.50 per month, the water charges, for a period of months not stated, and also for $772.25 for depreciation in value of his premises for the alleged failure of appellee to furnish appellant with water, etc. The allegation in appellant's petition upon which he seeks to recover set up a contract as contained in two separate deeds on the part of appellee to furnish appellant water for an indefinite period of time for his necessary household use and for his stock. The clause in the first deed with reference to furnishing appellant water reads as follows: "And for the further consideration that the said J. W. Harton hereby promises to furnish to the said W. L. McQuitty water for his necessary household use and for his stock." And in the second deed the same general effect, as follows: "And for the further consideration that the said J. W. Harton hereby promises to furnish to the said W. L. McQuitty water that may be necessary for his stock and for personal use about the house and premises." Appellant alleges the erection by himself of improvements upon the two lots acquired by said deeds until the property amounted in value to about $1,800; that he had paid $200 for the two lots together with the water right; that appellee, in pursuance of said contract contained in said deeds, furnished him with the water stipulated for in said contracts for the period of about two years; and that appellee then breached the said contract by failing and refusing to furnish appellant further water, as agreed, to his damage, as hereinbefore set out. Appellee answered by general demurrer, special exceptions, and by special answer, which need not be here specially set out. Upon trial of the case the court sustained appellee's general demurrer, and, appellant declining to amend, the court dismissed the case, from which said judgment of dismissal appellant duly appeals, and in this court assigns as error the action of the court in sustaining appellee's general demurrer and dismissing the suit.

Appellant, under said assignments, contends that the agreement, as hereinbefore set out and contained in the deeds executed and delivered to him by appellee to furnish him necessary water for personal and household use and for his stock, is a valid and enforceable contract on the part of appellee to furnish appellant such water for all time to come, or so long as appellant or his assigns might demand the same, and that said contract is continuous and runs with the title to the land. Upon an extended examination of the authorities cited, both by appellant and appellee, and such others to which we have had access, we are constrained to the opinion that the contract declared on and as set forth in appellant's petition is too indefinite and uncertain in its material terms to be enforced either in law or equity. It will be noted that the contract declared on is indefinite and uncertain as to the number of stock for which appellee was to furnish water, as well as to the time during which said water for stock and household use was to be furnished, and we feel unable to hold, after a review of the authorities, that the contract to furnish water is such as would run with the title to the land for all time, and therefore became definite as to this feature of the contract. And even if it could be so held, and the contract thus made definite and certain as to time, it would still be indefinite and uncertain as to the number of stock for which appellee contracted to furnish water. We therefore conclude that the contract upon which appellant bases his cause of action, as set out in his petition, is too indefinite and uncertain, as before stated, in its material terms, to entitle appellant to recover because of breach thereof, as sought in his petition. Jackson v. Alpha Portland Cement Co., 122 App. Div. 345, 106 N. Y. Supp. 1052; Marble v. Standard Oil Co., 169 Mass. 553, 48 N. E. 783; Clark v. Great Northern Ry. Co. (C. C.) 81 Fed. 282; Gaines v. Vandecar, 59 Or. 187, 115 Pac. 721; Railway Co. v. Smith, 72 Tex. 122, 9 S. W. 865, 2 L. R. A. 281.

The trial court properly sustained appellee's general demurrer to said petition, and upon appellant's declining to amend properly dismissed the case. Affirmed.