### GUARDIAN LOAN & TRUSTEE CO. v. SCHUNKE.

#### No. 8590.

Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1931.

Rehearing Denied March 11, 1931.

586

Church & Graves and Meritt Steger, all of San Antonio, for appellant.

Geo. W. Huntress and Bliss & Daffan, all of San Antonio, for appellee.

FLY, C. J.

This suit was instituted by Mrs. Schunke against W. C. Gruber, Guardian Loan & Trustee Company, appellant, C. H. Hodgkinson, Cole Y. Bailey, L. F. Canter, and Jack Neal, to recover on a promissory note and to foreclose a lien on certain land. Appellee afterwards sought to restrain the sale of certain improvements on the land, and asked that a receiver be appointed to collect rents on the premises. The injunction was granted and a receiver appointed. This is an appeal from the appointment of a receiver and the refusal to dissolve the temporary injunction.

The trial judge found the following facts, which are not assailed:

"The Plaintiff Mrs. Louise Lemke Schunke, sold and conveyed unto the defendant W. C. Gruber, the land in controversy in this case, being Lots A–2, A–3 and A–4, fronting 155 feet on Dallas Street and 100 feet on Erie Avenue in the City of San Antonio in Bexar County, Texas, on the 8th day of November, 1927, for $4,000.00 in cash and a purchase money note for $14,500.00, bearing interest from date until maturity at the rate of seven per centum (7%) per annum and ten per centum per annum after maturity, stipulating that past due interest shall bear interest at the rate of ten per centum per annum and stipulating ten per centum per annum additional as attorney's fees in case the note should be placed into the hands of an attorney for collection after maturity. This note fell due on or before ten years from date, but provided that if there was any default in the payment of any installment of interest this should, at the option of the holder at once mature said entire note.

"At the same time she took a deed of trust back to secure the payment of said note.

"The deed contained this provision: 'The Grantee is given the privilege of removing the improvements now situated on the property herein conveyed.' But the deed of trust did not contain this provision.

"The property conveyed by the deed and by the deed of trust at the time of said sale and now had on it three five room cottages with a garage for each house.

"The occasion for putting said provision giving the grantee the privilege of removing the improvements on said property was induced by the representation of W. C. Gruber, the purchaser, that he would put one or more substantial buildings on the property worth a good deal more than the buildings that were then on it in case he concluded to remove the buildings. In other words, the purchaser Gruber, desired to remove the buildings that are now on the property for the purpose of putting more substantial buildings on the property than had been before.

"The purchaser, Gruber, did not exercise his privilege of removing the buildings, and on the 1st day of May, 1929, he, the said Gruber, sold and conveyed the said property unto the defendant, the Guardian Loan & Trustee Company, and in the conveyance unto the said Guardian Loan & Trustee Company, there was nothing said about the grantee having the privilege of removing the buildings then on the property; but the Guardian Loan & Trustee Company did not assume the payment of the lien, it simply taking the property subject to the lien.

"Though the Guardian Loan & Trustee Company had not agreed to assume and pay off any part of the debt against the property, yet it paid one installment of interest when it fell due.

"But on, to wit: the 8th day of May, 1930, both the said Gruber and the said Guardian Loan & Trustee Company made default in the payment of the interest, and, though notified by Mrs. Schunke, they, the said Gruber and the said Guardian Loan & Trustee Company, failed and refused to pay said interest installment.

"Thereupon Mrs. Schunke placed the notes in the hands of an attorney for collection, and on, to-wit: the 19 day of June, 1930, the plaintiff, Mrs. Schunke filed suit seeking to recover of Gruber the amount of said note, principal, interest and attorneys' fees of ten per centum per annum and to foreclose her lien securing her debt, which was the full amount of the note together with unpaid interest.

"George W. Huntress as Attorney for the said Mrs. Schunke notified the Guardian Loan & Trustee Company that unless the interest on the debt for the property was paid, Mrs. Schunke was going to institute suit to foreclose her lien, and was informed by the said Guardian Loan & Trustee Company that they were going to remove the improvements on said property.

"Thereupon, the plaintiff Mrs. Schunke filed suit and sued out a writ of injunction, which was granted on a hearing wherein the Guardian Loan & Trustee Company appeared by counsel and resisted the issuance of the writ of injunction on June 27th, 1930, upon

the ground that they had a right, by reason of the conveyance to them of the property to remove the improvements which had been granted unto them by virtue of a deed that contained no such stipulation.

"Afterwards, on the ——— day of September, 1930, the plaintiff Mrs. Schunke applied for the appointment of a receiver on the ground that the condition of the mortgage had not been complied with and that the property was insufficient to discharge the mortgage debt.

"On the 6th day of October said application for the appointment of a receiver was heard and the said Mrs. Schunke showed that the property was not worth more than $7,500.00, and the Court finds that said property with the improvements thereon is not worth more than said amount of $7,500.00."

Testimony was permitted to show that the permission given in the written instrument was induced by a promise to replace the old buildings taken from the land by new structures. Mrs. Schunke and other witnesses were allowed to testify in regard to the improvements without any objection being made or exception taken and reserved. The proposition assailing the admission of the testimony cannot be urged with any degree of propriety in this court, and will be overruled. The oral testimony, although having been admitted without objection, will not be considered, and cannot show that the right to remove the buildings from the land was not in effect. Rawle on Covenants of Title, § 222.

The judiciary of Texas, as a nation and as a state, have considered thousands of land titles, and it is rather astonishing that during all that time the question of covenants of title running with the land has been rarely mentioned. The parties to this suit have cited one case, that of Gulf, C. & S. F. R. Co. v. Smith, 72 Tex. 122, 9 S. W. 865, 2 L. R. A. 281, the facts of which do not make it an authority in this case. In the cited case the railway company had agreed in the deed made to it for right of way, to fence the track if certain circumstances occurred. The court held that this promise to build the fence did not create a covenant of title that would run with the land. The fence was not in existence, and could not create a covenant of title running with the land. We must not confuse, as has been sometimes done, covenants running with the title, with covenants running with the land. If the permission to remove the improvements be a covenant at all, it must be one running with the land and not with the title. The distinction is clearly drawn by Simms on Covenants, pages 19 and 20.

In regard to covenants running with the land, Rawle, in his work on Covenants of Title, § 222, says: "But whatever may have been the agreement between the covenantor and the covenantee as respects the dispensation of the covenants or alteration of the rights which they confer, it has been held in New York that an assignee of the land, and consequently of the covenants which run with it, cannot be affected by any equities created at the time the latter were entered into, of which he had no notice. In Suydam v. Jones, [10 Wend. (N. Y.) 180, 25 Am. Dec. 552], premises which were subject to a mortgage were conveyed with covenants of warranty and for quiet enjoyment, and in a suit on these covenants by an assignee of the purchaser, a plea that at the time of the execution of the defendant's deed it had been agreed that the purchaser should assume and pay the mortgage as part of the consideration was held bad on general demurrer, the court saying, 'If the covenant passes to the assignee with the land, it cannot be affected by the equities existing between the original parties, any more than the title to the land itself,' and that 'to allow a secret agreement in opposition to the plain import of a covenant running with the land, to control and annul it in the hands of a bona fide assignee, would be a fraud upon such assignee which the law would not tolerate'; and in the subsequent case of Greenvault v. Davis, [4 Hill (N. Y.) 643], this decision was approved, and it was held that although as between covenantor and covenantee the former might, in mitigation of damages, show the consideration to have been actually less than that expressed in the deed, yet such evidence was inadmissible in an action brought by the assignee of the covenantee. So too, where a certain bond was considered to be, in equity, a release of a covenant of warranty, it was held that as there was nothing in the case to show that the purchaser from the covenantee was apprised of that equitable release, he and those claiming under him could not be deprived of the benefit of the covenant; and the doctrine of these cases has been recently recognized and applied in others."

The text, supported by authorities, disposes of any question as to the propriety of testimony in regard to the parol agreement between the vendor and original vendee, and we are of opinion that it could have no effect as to subsequent vendees. The right to remove the improvements was a covenant running with the land and passed to the subsequent vendee.

We are of opinion, therefore, that the temporary injunction should be set aside. The order as to a receiver to collect the rents is deemed to be called for in the collection of rents.

The order granting an injunction is reversed and the injunction dissolved, and the order appointing the receiver is affirmed.