Ida BILLINGTON, Individually and as Independent Executrix of the Estate of J. D. Billington, Deceased, et al., Appellants,

v.

Donald K. RIFFE et al., Appellees.

No. 8346.

Court of Civil Appeals of Texas, Amarillo.

March 19, 1973.

Gibson, Ochsner, Adkins, Harlan & Hankins, Sterling E. Kinney, Amarillo, for appellants.

Sheehan, Dubuque & Dyess, William A. Dyess, Stratford, for appellees.

JOY, Justice.

The plaintiffs filed this suit seeking the construction of certain language in a partition deed. Defendants answered, claiming that the deed created a restrictive covenant running with the land and prayed for an injunction to prevent the drilling and operation of an irrigation well on the west half (W½) of Section 271. The trial court, sitting without a jury, held that the partition deed created no restrictive covenant running with the land and thus defendants' prayer for an injunction was denied. The defendants have here appealed. Affirmed.

On or about June 2, 1961, the defendant, Ida Billington, and her husband, J. D. Billington, now deceased, entered into a partition deed with Retah M. Gibbs joined pro forma by her husband, H. W. Gibbs. The granting clause of this partition deed states:

"That whereas, we, the said J. D. Billington and Retah M. Gibbs have and hold in common the lands hereinafter mentioned, and are desirous of making partition of the same, it is hereby Convenanted, Granted, Concluded and Agreed by and between the said parties and each of them covenants, Grants, Concludes and Agrees, for him or herself, his and her and their heirs and as-

signs, that a partition of said land be made as follows, to-wit:"

The partition deed conveyed the following described property (in addition to other property not here involved) to Retah M. Gibbs, her heirs and assigns, as her sole and separate property:

"The surface only of the West Half (W ½) of Section Two Hundred Seventy-one (271), Block 1–T, T&NO Ry. Co. in Sherman County, Texas; it being understood that the oil, gas, minerals, and/or royalties in and to said section shall remain undivided so that the said Retah M. Gibbs shall own an undivided on-half (sic) (½) thereof and the said J. D. Billington an undivided one-half (½) thereof."

The same partition deed conveyed the following described property (in addition to other property not here involved) to J. D. Billington, his heirs and assigns:

"The surface only of the East Half (E ½) of Section Two Hundred Seventy-one (271), Block 1–T, T&NO Ry. Co. in Sherman County, Texas; it being understood and agreed that the oil, gas, minerals and/or royalty in, under, or that might be produced from said land shall remain undivided so that the said J. D. Billington shall own an undivided one-half (½) thereof and the said Retah M. Gibbs shall own an undivided one-half (½) thereof; *and it is further understood and agreed that the said J. D. Billington, his heirs and assigns, shall have the right, should he or they desire, to drill a well for irrigation purposes upon the said East Half (E ½) of said Section 271, and the said Retah M. Gibbs waives the right to drill such irrigation well upon the West Half (W ½) of the said Section.*" (Emphasis ours.)

Subsequent to the partition deed, J. D. Billington drilled an irrigation well upon the said east half of Section 271. This well is still in operation. During Retah M. Gibbs'

ownership of the west half of Section 271, no irrigation well was drilled on said half. The defendants have succeeded to the interest of J. D. Billington in the east half of Section 271 through inheritance. Retah M. Gibbs conveyed the west half to W. D. Etheridge who in turn conveyed it to the plaintiffs. The conveyance to the plaintiffs, however, excepted the oil, gas, and other minerals found on, in or under, or that may be produced from said property. In February, 1972, shortly after the plaintiffs purchased the west half of Section 271, plaintiffs were advised by defendants that defendants contended that the partition deed provision, quoted above, created a valid and subsisting restrictive covenant which precludes the drilling of irrigation wells on the said west half (W ½) of Section 271. On March 22, 1972, plaintiffs advised defendants' attorney of their plans to proceed with the drilling of an irrigation well on the west half of Section 271. Shortly thereafter, plaintiffs commenced the drilling of an irrigation well on said property. This well was completed and is now in operation. No action was taken by defendants to halt the drilling of such well, but defendants in the present case seek to enjoin the operation of this well.

The defendants have brought this appeal upon five assignments of error. They contend that the partition deed creates a valid restrictive covenant and that it was the intent of the parties to the partition deed that this covenant run with the land. Defendants further contend that it was error to admit testimony to explain or vary the meaning of the partition deed. The remaining two assignments of error pertain to the finding that there was no damage even if there was a covenant and the holding that the defendants were estopped from any injunctive relief.

■ In order for a restrictive covenant running with the land to be created, there are certain requirements which must be met. These requirements originated in an

early English case, Spencer's Case, 4 Coke 16. Several Texas cases have adopted and set forth these requirements: (1) There must be privity of estate between the covenanting parties. Panhandle & S. F. Ry. Co. v. Wiggins, 161 S.W.2d 501 (Tex.Civ. App.—Amarillo 1942, writ ref'd w. o. m.); (2) the covenant must relate to something in esse, or assigns must be named if they are to be bound by the covenant. Gulf, C. & S. F. Ry. Co. v. Smith, 72 Tex. 122, 9 S.W. 865 (1888); Panhandle & S. F. Ry. Co. v. Wiggins; Lakewood Heights Co. v. McCuistion, 226 S.W. 1109 (Tex.Civ.App. —Dallas 1920, writ ref'd); (3) the covenant must touch or concern the land. Mobil Oil Corporation v. Brennan, 385 F.2d 951 (5th Cir. 1967); Panhandle & S. F. Ry. Co. v. Wiggins, supra; Beckham v. Ward County Irr. Dist. No. 1, 278 S.W. 316 (Tex.Civ.App.—El Paso 1925, writ ref'd); (4) it must be the intention of the original covenanting parties that the restrictive covenant run with the land. Beckham v. Ward County Irr. Dist. No. 1, supra. Unless all of these requirements are present, the covenant cannot run with the land and thus cannot bind subsequent vendees.

This court will only consider the requirement that it must be the intent of the original covenanting parties that the covenant run with the land. Assuming the other requirements are met, the failure to meet this requirement prevents the covenant from running with the land and thus the plaintiffs would have the right to drill a well on the west half of Section 271. In attempting to ascertain the intention of the parties from a construction of the partitioning deed, we must look to the entire instrument in the light of the stated covenant. Beckham v. Ward County Irr. Dist. No. 1, supra. There must be either an express statement that the restrictive covenant will bind the heirs and/or assigns, or language in the deed to reflect that this was the intent of the parties. Aull v. Kraft, 286 S.W.2d 460 (Tex.Civ.App.—

Waco 1956, writ ref'd n. r. e.). The language is not supportive of an intention on the part of the parties to create a restrictive covenant running with the land. The words "heirs and assigns" are contained within the granting clause wherein J. D. Billington is given the right to drill a well for irrigation purposes, but are not used in the latter part: "Retah M. Gibbs waives the right to drill such irrigation well upon the West Half (W ½) of the said Section." Retah M. Gibbs relinquished an existing right, the right to drill on the west half of Section 271, and nothing in the deed reflects that she intended this covenant to be binding on her heirs and assigns.

Even if the language in a deed is unambiguous, the court may admit parol evidence of the existing facts and circumstances for the purpose of ascertaining the real intent of the parties so long as the deed is not added to, varied, or contradicted by the evidence. King v. City of Dallas, 374 S.W.2d 707 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.). This is especially true when the surrounding circumstances place the meaning of the language used in doubt. Beckham v. Ward County Irr. Dist. No. 1, supra. We are of the opinion that the deed is unambiguous and the intent of the parties can be determined by the partition instrument itself, but to be certain of the real intent of the parties the circumstances surrounding the making of the partition deed will be considered. We may consider only the circumstances attending at the time of the execution of the partition deed, disregarding subsequent or present circumstances. The rule that extrinsic evidence is not admissible to vary the terms of a written instrument does not forbid a resort to parol evidence showing an intention consistent with the writing. Armstrong v. Wilson, 109 S.W. 955 (Tex. Civ.App.—1908, no writ). There was testimony to establish the slope of the land and the possibility of tail water running onto the east half from the west half, creating a

problem of drainage. This fact existed at the time of the partition deed, and as such it is one of the circumstances which is presumed to have been considered by the parties of the partition deed. Beckham v. Ward County Irr. Dist. No. 1, supra. There was also testimony by V. O. Lasley, who was not a party to the partition deed, that the water level in the vicinity of Section 271 had been decreasing for the past ten years at the rate of 4.64 feet per year. The partition deed was made in 1961, approximately a year prior to the beginning of the decrease of the water table. If this court assumed a decreasing water level in 1961 and inferred from this the arid nature of that part of the country, and combined this with the problem of drainage, then a logical conclusion for such a restrictive covenant would be that it was intended to run with the land in order to protect the surface of the east half from drainage and depletion of its water supply. Assuming, arguendo, these circumstances existed at the time of the partition, the testimony of Retah M. Gibbs and E. E. Coons indicates that they were not considered and thus there was no intention on the part of the partitioners that the restrictive covenant run with the land. Retah M. Gibbs, who is not a party to this suit, testified that she did not desire to dig an irrigation well and that she had no thought about keeping anyone else from drilling an irrigation well. The attorney who drew up the instrument, E. E. Coons, testified that he would have drawn the instrument in a different manner if he had intended for it to be a covenant running with the land. This testimony supports the language of the deed indicating the covenant was purely personal to Retah Gibbs and was not intended to run with the land. Since there was no intent that the restrictive covenant run with the land, then the covenant is not binding upon the plaintiffs.

The defendants sought a permanent injunction against the plaintiffs to prevent them from drilling and operating an irrigation well on the basis that it violated the alleged restrictive covenant in the partition deed. The defendant is precluded by our construction of the deed from injunctive relief. Therefore, it is unnecessary that the doctrine of laches be considered herein.

All points of error are overruled and the judgment of the trial court is affirmed.