**JIM WALTER HOMES, INC.,**
**Appellant,**

v.

**YOUNGTOWN, INC., Appellee.**

No. 09–88–189 CV.

Court of Appeals of Texas,
Beaumont.

Jan. 18, 1990.

Kenneth M. Culbreth, Harris, Cook, Browning, Jordan, Hyden, Corpus Christi, for appellant.

J.C. Zbranek, Zbranek, Hight & Cain, P.C., Liberty, for appellee.

## OPINION

BURGESS, Justice.

Youngtown, Inc., (Youngtown), a developer corporation, sued Jim Walter Homes, Inc., (JWH) a third-party builder/mortgagee and Eddie Edwards, owner of a home located in the developer's subdivision, for breach of deed restrictions. Based upon jury findings, judgment was entered in favor of Youngtown for actual damages in the amount of $7200 to be paid jointly and severally by JWH and Edwards and for punitive damages in the amount of $25,000 against JWH. The judgment also ordered the removal of the house made the subject of this lawsuit. Only JWH appeals.

Appellant asserts the following errors: (1) the trial court erred by holding JWH liable under the restrictive covenant when, as a matter of law, JWH had no ownership interest in the subject property nor was a purchaser, an heir, successor or assignee; (2) the jury award of $25,000 in punitive damages was excessive and there was no evidence that an independent tort existed; (3) Youngtown had waived any right to enforce the deed restrictions when they had not taken action against prior violators; (4) Youngtown could not recover remedies both in equity (injunction) and damages; and (5) no proper guidance was given to the jury in responding to the special issue on actual damages.

Charles Wiggins, Hillary Wiggins and Roy Youngblood formed Youngtown, Inc., to develop Ameswood Subdivision. Mr. and Mrs. Edwards purchased a lot in the subdivision on July 2, 1976. Nearly a year later, the Edwards entered into a contract with JWH for construction of a home upon the lot. JWH began construction in early November of 1977. Later that same month, they stopped construction and informed the Edwards that they were in violation of certain deed restrictions. Edwards went to Wiggins and Youngblood to obtain permission to continue construction of the house. Edwards claimed Wiggins and Youngblood agreed to allow Edwards to proceed.

In February 1978 the Edwards and JWH signed an agreement whereby JWH would be held harmless from any expense arising out of any possible litigation concerning the deed restrictions.

JWH resumed construction of the home sometime in March of 1978 and completed it in June of 1978. On April 20, 1978, notice was sent by Youngtown's attorney to JWH requesting them to cease construction and to remove the house.

On June 14, 1978, Youngtown filed suit against Eddie Edwards and JWH. Youngtown alleged that Edwards and JWH had violated certain building restrictions in that (a) the residence did not have 1000 square feet of living space; (b) it was not constructed on a cement slab and (c) at least 70% of the outside walls were not brick.

Restrictive covenants which run with the land are created only by parties in privity of estate and bind subsequent vendees. *Billington v. Riffe*, 492 S.W.2d 343 (Tex.Civ.App.—Amarillo 1973, no writ). Youngtown admits that JWH is not an owner of the lot. They also admit that no liability can be extended to JWH on the predicate that JWH is an owner of the lot. The Edwards, as owners of the lot, were obligated to comply with the deed restrictions. As a contractor/mortgagee, JWH had no ownership interest in the property and owed no duty to Youngtown to abide by or comply with the restrictive covenants. Youngtown's action for violation of the restrictive covenants lies against Edwards. Even after receipt of notice JWH

cannot be liable in contract in the absence of privity.

Second, Texas courts have looked to the intent of the parties in determining enforcibility of restrictive covenants. Intent is determined from the language of the deed itself. *See Interstate Circuit, Inc. v. Pine Forest Country Club,* 409 S.W.2d 922 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.). In this case, the deed restrictions expressly provide the restrictive covenants are enforceable by lot purchasers and the developer and are binding upon all "purchasers of said lots, their heirs, successors and assigns." The evidence conclusively establishes that JWH was neither a purchaser, heir, successor or an assignee but a contractor. It is quite clear from the language in the deed that the restrictions were not applicable to JWH.

Youngtown alleges that JWH is liable because JWH had violated the restrictions knowingly and willfully. Thus, when JWH did not cease construction when notified by Youngtown, that constituted the tort of willful infliction of an injury relying upon *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988).

In *Texaco,* the claim of tortious interference with contract was recited in the pleading. *See also Tippett v. Hart,* 497 S.W.2d 606 (Tex.Civ.App.—Amarillo), *writ ref'd n.r.e.,* 501 S.W.2d 874 (Tex.1973). In this case, however, there was no such claim in Youngtown's pleadings. This claim was raised for the first time in the motion for new trial.

The Texas Supreme Court has held in numerous cases that in order to support the recovery of punitive damages in a breach of contract suit, there must be a finding of an independent tort. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617 (Tex.1986); *Bellefonte Underwriters Ins. Co. v. Brown,* 704 S.W.2d 742 (Tex.1986) and *Clements v. Withers,* 437 S.W.2d 818 (Tex.1969). As previously noted, there is no pleading by Youngtown alleging an independent tort. *See Bellefonte,* 704

S.W.2d at 745. We find no pleading and/or proof of an independent tort. The pleadings of Youngtown sound in contract and therefore will not support a claim to recover punitive damages.

Because JWH is not a party restricted under the restrictive covenants and there was not a claim of an independent tort in the pleadings, we sustain points of error one and two. We need not reach the other points. As to JWH, the case is reversed and rendered in their favor.

REVERSED AND RENDERED.